```
KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JULIE A. ARBUCKLE (CSBN 193425)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7073
    FAX: (415) 436-7102

Attorneys for Defendant United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MANN,<br><br>   Plaintiff,<br><br>   5.<br><br>UNITED STATES OF AMERICA;<br>MARILYN ROBERTSON; and DOES 1 to 50<br><br>   Defendants. | CASE NO. C 04-4720 SC<br><br>STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT |

   IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this personal injury action brought pursuant to the Federal Tort Claims Act for negligence and negligent infliction of emotional distress be settled and compromised on the following terms:

   1.   Defendant United States of America (the "United States") shall pay to Plaintiff Joseph Mann, Jr. ("Plaintiff") and his counsel, The Law Offices of Otus & Associates, the sum of $12,000 for which IRS Forms 1099 shall be issued.  The parties agree that this amount of $12,000 is in exchange for Plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution, and any other form of legal or equitable recovery relating to or arising out of the incident between Plaintiff and

C 04-4720 SC  −  STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT                    1

United States Postal Service employee Marilyn Robertson on March 4, 2002.  The parties understand that this amount includes full satisfaction of all claims for attorney's fees and costs arising out of all stages of litigation, including, but not limited to, the processing of the Plaintiff's administrative and district court complaints in connection with <u>Mann v. United States et al.</u>, C 04-4720 SC (the "Action").

2. Plaintiff will accept the terms described in paragraph 1 in full settlement and satisfaction of any and all claims and demands which he, his successors or assignees may now have or hereafter acquire against Defendants the United States of America and/or Marilyn Robertson (collectively "Defendants"), the United States Postal Service ("USPS"), or any of their past and present officials, agents, employees, attorneys, or insurers.

3. In consideration of this Agreement and the payment of the foregoing amount thereunder, Plaintiff agrees that upon notification that the settlement check is ready, his counsel will execute and return to the United States' counsel a Stipulation for Dismissal with prejudice of this entire Action consistent with the terms of this Agreement.  Upon receipt of the executed Stipulation for Dismissal from Plaintiff's counsel, the United States' counsel will release the settlement check to Plaintiff's counsel.

4. Plaintiff agrees to cooperate with the United States in connection with taking whatever steps are necessary to obtain the dismissal with prejudice of any pending administrative complaints or charges against Defendants, the USPS, or any of their past and present officials, agents, employees, attorneys, or insurers.  Plaintiff agrees that he has not filed and will not file any other charges, complaints, lawsuits, or other claims that relate to or arise out of the incident between Plaintiff and USPS employee Marilyn Robertson on March 4, 2002.

5. Plaintiff hereby releases and forever discharges Defendants, the USPS, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, or known or unknown, which arise from or relate the incident between Plaintiff and USPS

employee Marilyn Robertson on March 4, 2002.

      6.      The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been informed of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning the claims released in this Agreement and the liability of the government for damages for such claims are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

      7.      This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party that arises out of the claims released and discharged herein.

      8.      This Agreement is a compromise settlement of disputed claims and demands, which settlement does not constitute an admission of liability or fault on the part of Defendants, the USPS, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in this Action.

      9.      If any workers' compensation, disability, or insurance carrier, hospital, doctor, medical facility, employer, or other entity, including but not limited to Pacific Gas & Electric, and its insurers, successors, and assigns, has asserted or asserts in the future any claim(s), liabilities, damages, interest(s), or lien(s) of any kind and nature whatsoever arising out of the incident between Plaintiff and USPS employee Marilyn Robertson on March 4, 2002, this Action, or the settlement of this Action, Plaintiff shall be solely responsible for paying any such claim(s), liabilities, damages, interests, or liens, and shall indemnify and hold harmless

Defendants and the USPS from any liability incurred for such claim(s), liabilities, interests, damages, or liens.

10. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless Defendants and the USPS from any liability incurred from any government agency arising out of any failure by Plaintiff to pay for any liability he might incur from any government agency. Plaintiff acknowledges Defendants and the USPS have made no representations as to any tax liability he may incur as a result of this settlement.

11. Plaintiff has been informed that payment may take thirty days or more to process from the date Plaintiff executes this Agreement and returns it to the United States' counsel.

12. Plaintiff acknowledges and agrees that he has thoroughly reviewed the entire Agreement, has discussed its terms with his attorney, and understands its provisions.

13. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

14. Each party hereby stipulates that he/it is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is acknowledged that the parties hereto have mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or his/its attorney.

15. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

16. This instrument shall constitute the entire Agreement between the parties, and it is

expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: 7/15/05            _____/s/_____
                          JOSEPH MANN, JR.
                          Plaintiff


                          KEVIN V. RYAN
                          United States Attorney

Dated: 7/21/05            _____/s/_____
                          JULIE A. ARBUCKLE
                          Assistant United States Attorney
                          Attorneys for Defendant United States of America


**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 7/29/05            _____
                          SAMUEL CONTI
                          United States District Judge



C 04-4720 SC – STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT         5